**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,    )
            )
            )
            )
  v.         )  ID No. 1906006276
            )
DEMETRIUS JOYNER,    )
            )
            )
    Defendant.   )
            )

Date Submitted:  November 6, 2023
Date Decided:  November 22, 2023

## <u>ORDER</u>

Upon consideration of Defendant Demetrius Joyner's "Second Motion for Postconviction Relief" ("Motion"),[1] Superior Court Criminal Rule 61[2], statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1) On August 4, 2020, Joyner pled guilty to Rape Third Degree.[3]  By Order dated January 8, 2021, effective June 12, 2019, he was sentenced to 20 years at Level V, suspended after 7 years for 13 years at Level IV DOC discretion, suspended after 1 year for 2 years at Level III.[4]

(2) Joyner did not file a direct appeal.  On April 12, 2021, he filed a Motion

---

[1] D.I. 36.
[2] Super. Ct. Crim. R. 61.
[3] D.I. 22.
[4] D.I. 24.  The first 2 years of Defendant's sentence are a mandatory term of incarceration.  *See* 11 *Del. C.* §771; 11 *Del. C.* §4205(b)(2).

for Modification of Sentence,[5] which was denied.[6]  Joyner filed his first Motion for Postconviction Relief on January 30, 2023.[7]  The motion did not set forth any legal grounds for relief and was subsequently denied on March 21, 2023.[8]

(3)     On November 6, 2023, Joyner filed the instant Motion, claiming new evidence in the form of Veronika Phares' admission that her daughter lied about the rape.[9]  He also claims a Family Court hearing transcript contains new evidence for the Court to review.[10] Additionally, he brings an ineffective assistance of counsel (IAC) claim against his Trial Counsel because his attorney failed to subpoena the Court for the Family Court transcripts or Phares' messages from Joyner's tablet.[11]

(4)     Superior Court Criminal Rule 61 governs motions for postconviction relief.[12]  Before addressing the merits of any claim for postconviction relief, the Court must consult the procedural bars in Rule 61(i).[13]  Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a judgment of conviction is final.[14]  Rule 61(i)(2) bars the consideration of successive

---

[5] D.I. 25.
[6] D.I. 26.
[7] D.I. 31.
[8] *Id.*
[9] D.I. 36
[10] D.I. 36. Joyner did not actually submit the transcripts for the Family Court hearing but requested them. However, the Court does not have jurisdiction over Family Court documentation. Joyner also did not provide information as to what was specifically said in those transcripts.
[11] *Id.*
[12] Super. Ct. Crim. R. 61.
[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[14] Super. Ct. Crim. R. 61(i)(1).

motions.[15]  Pursuant to Rule 61(i)(3) and (4), any ground for relief not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[16]  A movant can only overcome the procedural bars if he "satisfies the pleading requirements [in Rule 61(d)(2)(i) or (d)(2)(ii)]."[17]  Under Rule 61(d)(2), a successive motion shall be summarily dismissed unless the movant was convicted after a trial and the motion meets either of the two pleading requirements set forth in Rule 61(d)(2)(i) or (d)(2)(ii).[18]

(5)     An IAC claim cannot be raised in earlier proceedings and is not subject to the time bar associated with the other Rule 61 sections.[19]

(6)     Joyner's Motion is procedurally barred on three separate grounds. First, the judgment of conviction was final in this case on June 19, 2020, so the Motion is

---

[15] *Id.* at 61(i)(2).
[16] See Super. Ct. Crim. R. 61(i)(3),(4) and (d)(2)(i), (ii)
[17] *Id.* at 61(i)(5).
[18] *Id.* at 61(d)(2).  To overcome the bar against successive motions, in addition to the requirement that a movant was convicted after a trial, the motion must either:
> (i) plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

[19] *Sabb v. State*, 2021 WL 2229631, at *1 (Del. May 28, 2021); *Green v. State*, 238 A.3d 160, 187-188 (Del. 2020); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

untimely.[20] Second, this is Joyner's Second Postconviction Relief Motion, so it is barred for being successive.[21] Third, despite that Joyner's claims regarding the Family Court hearing transcript and the admission of Veronika Phares have not been addressed in prior adjudication, Joyner took a plea and is therefore not entitled to the exceptions permitted under Rule 61(d)(2).[22] Therefore, Joyner's Motion is untimely, successive, and does not fall under any of the exceptions presented under Rule 61(d)(2).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Demetrius Joyner's Second Motion for Postconviction Relief is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:    Original to Prothonotary
       Diana A. Dunn, DAG
       Demetrius Joyner (SBI # 00264375)

---

[20] D.I. 24.
[21] D.I. 31.
[22] Super. Ct. Crim. R. 61(d)(2).